**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SALUSTIO MARTINEZ MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary,<br>U.S. Department of Homeland Security, et al.,<br><br>Respondents. | Case No.:  3:26-cv-04193-RBM-VET<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Salustio Martinez Martinez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241.  (Doc. 1.) For the reasons set forth below, the Petition is **GRANTED**.

## I.    BACKGROUND

Petitioner, a native and citizen of Mexico, "first entered the United States in 1996 without inspection and has resided continuously in this country since 2001." (Doc. 1 ¶ 20.) After his entry, Petitioner "has worked continuously, supported his family, and established deep ties to his community." (*Id*.)

On June 24, 2026, Petitioner was detained at a U.S. Border Patrol checkpoint while traveling to work.  (*Id*. ¶¶ 3, 13.)  During processing, Petitioner was transported to a

hospital for medical treatment due to dangerously high blood pressure and was subsequently returning to immigration custody.  (*Id*. ¶ 21.)  Following his arrest, the U.S. Department of Homeland Security ("DHS") served Petitioner with a Notice to Appear ("NTA") charging him as removable under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") and placing him in removal proceedings.  (*Id*. ¶ 4.)  Petitioner's removal proceedings remain pending.  (*Id*. ¶ 25.)  On July 20, 2026, an immigration judge denied Petitioner's request for custody redetermination on the basis that he lacked jurisdiction to conduct a bond hearing.  (*Id*. ¶ 24.)

## II.    <u>LEGAL STANDARD</u>

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."  28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States."  *Id.* § 2241(c)(3).

## III.    <u>DISCUSSION</u>

Petitioner claims his immigration detention violates the Immigration and Nationality Act and the Fifth Amendment's Due Process Clause.  (Doc. 1 ¶¶ 40–48.)  Respondents maintain "that Petitioner is subject to mandatory detention under § 1225(b)(2)" but acknowledge that "Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025)."  (Doc. 5 at 1–2.)  "Respondents therefore do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)."  (*Id*. at 2.)

After the Petition was fully briefed, the Ninth Circuit issued its decision in *Rodriguez Vazquez v. Bostock*,—F. 4th—, 2026 WL 2196424 (9th Cir. July 30, 2026).  In *Rodriguez*

3:26-cv-04193-RBM-VET

*Vazquez*, the Ninth Circuit rejected Respondents' argument, concluding that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." *Id*. at *3.

Because there is no dispute that Petitioner was detained in the interior of the United States after residing in the country for over 25 years (*see* Doc. 1 ¶ 2), § 1226(a)'s discretionary detention procedures govern Petitioner's detention. Therefore, and in light of Respondents' non opposition, the Petition is **GRANTED**.

The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy. *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("[I]f Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[ ] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

## IV.    CONCLUSION

Based on the foregoing reasons, the Petition (Doc. 1) is **GRANTED**. Accordingly:

1. The Government is **ORDERED** to immediately release the noncitizen from custody.

2. The Court **ORDERS** that, prior to any re-detention, the noncitizen **SHALL** receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.

3. The noncitizen bears the burden of demonstrating, by a preponderance of the evidence, that he is not a danger to the community or a flight risk. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

4. At any such hearing, if the immigration judge determines that bond is appropriate,

3:26-cv-04193-RBM-VET

the immigration judge **SHALL** consider alternative conditions of release and the noncitizen's ability to pay.[1]

**IT IS SO ORDERED**.

DATE:  August 12, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1] *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017) ("A bond determination process that does not include consideration of financial circumstances and alternative release conditions is unlikely to result in a bond amount that is reasonably related to the government's legitimate interests.").

4